[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11836
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cv-00142-MCR-CJK


JOHN BRIER,
EUGENE GRIDNEV, et al.,

Plaintiffs-
Counter Defendants
-Appellees,

versus


KEITH DE CAY,
Individual,

Defendant-
Counter Claimant-
Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 16, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Keith De Cay, proceeding *pro se*, appeals the order granting summary judgment to Appellees in this diversity suit for breach of contract.  On appeal, De Cay argues that the settlement agreement he made with the Brier and the other appellees is void because it was created as the result of coercion, and for an illegal purpose. De Cay argues further that venue in the Northern District of Florida was improper.

We review a grant of summary judgment *de novo*.  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A factual dispute exists where a reasonable fact-finder could find by a preponderance of the evidence that the non-moving party is entitled to a verdict.  *Kernel Records,* 694 F.3d at 1300.  In determining whether evidence creates a factual dispute, we draw reasonable inferences in favor of the non-moving party, but "inferences based upon speculation are not reasonable."  *Id.* at 1301 (quotation omitted).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260

2

(11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. *Jeffery v. Sarasota White Sox, Inc*., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). A mere scintilla of evidence in the form of conclusory allegations, legal conclusions, evidence that is merely colorable or not significantly probative of a disputed fact cannot satisfy a party's burden. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); *Kernel Records*, 694 F.3d at 1301.

We conclude that the district court did not err in granting summary judgment for Appellees. The undisputed facts of this case show that De Cay entered into an unambiguous agreement with the appellees to purchase several lots of land from them, and then failed to make the payments required by the agreement.  De Cay has not provided any evidence that he was coerced into signing the agreement, and, further, he has not shown that the agreement was for an illegal purpose or that venue was improper.  Accordingly, we affirm.

**AFFIRMED.**

3